## Case No. 3,131.

### CONSOLIDATED FRUIT-JAR CO. v. THOMAS.

[2 N. J. Law J. 272.]

Circuit Court, D. New Jersey. June Term, 1879.

#### INFRINGEMENT OF TRADE-MARK—PRELIMINARY INJUNCTION—LACHES.

1. An infringement of a trade-mark is not necessarily an exact imitation. No matter how vague the resemblance, if the imitation is so close that by the form, marks, contrasts, or their special arrangement, purchasers exercising ordinary caution are liable to be misled by it, it is a case of infringement.

2. The device used by the Hero Glassware Works held to be an infringement of the trade-mark of the complainants.

3. Delay in making the application is no bar to a preliminary injunction, although it may preclude the complainant from obtaining past profits.

Frost & Coe, of New York, and A. Q. Keasby, for complainants.

Wm. C. Witter and Causten Browne, of New York, and Samuel Dickson and John C. Bullitt, of Philadelphia, for defendant.

NIXON, District Judge. There is no difficulty about this case in regard to the infringement. The only embarrassment arises in determining to what extent the injunction should go, or what it should include. The complainant corporation and the Hero Glass Works, which are the producers of the articles complained of, are the principal makers of fruit-jar caps in the country. Any interference with the business of the one, would particularly give a monopoly to the other. But such a consideration should not and will not hinder the court from protecting the complainant in all its rights.

The question of infringement is ordinarily more easily determinable in trade-mark cases than in patent cases, because they are less dependent upon the testimony of witnesses. Whether one thing is a colorable imitation of another, is answered most satisfactorily by judicial inspection and comparison of the two, and if the court is convinced by such inspection and comparison that the two things are near enough alike to deceive or mislead the ordinary purchaser, in the exercise of ordinary care and caution, no amount of expert evidence of substantial difference would justify the court in withholding the injunction.

The infringement by the defendant is clear. The monograms differ because the letters are not the same; but it is not necessary for the complainants to show an exact imitation or similarity before they are entitled to the protection of the court. No matter how vague may be the resemblance, if it be sufficient to mislead the public, it is unlawful, and when unexplained, it is the duty of the court to infer intent, and to hold that the resem-

blance was adopted for the purpose of deception. Taylor v. Taylor, 23 Eng. Law & Eq. 282; Curtis v. Bryan, 2 Daly, 312. It is difficult to lay down a general rule, which will be applicable to all cases, of what constitutes the infringement of a trade-mark. It may be said, however, as was substantially held by the supreme court in McLean v. Fleming, 96 U. S. 245, that an injunction should be granted where the imitation is so close that by the form, marks, contrasts, or their special arrangement, or by the general appearance of the infringing device, purchasers exercising ordinary caution are liable to be misled into buying the article bearing it for the genuine one. Both parties in the present case have the right to manufacture and sell fruit-jar caps. The complainants have adopted and registered as their trade-mark a monogram composed of the initial letters of the corporation name. They began its use early in the year 1878, to distinguish their manufactures from the product of other houses, and particularly of their great rival, the Hero Glassware Works. They placed the monogram on the circular depression on the top of the cap. The caps were put up for the market in wooden boxes, in each end of which the trade-mark was printed in red ink. Each box was also furnished with printed circulars, on which the monogram appears on the bottom, between the words "like" and "this." The jar caps in the deponent's possession have also a monogram put in the circular depression on the head of each cap. The same was also printed in red ink on the end of the wooden boxes containing the caps, and the boxes are supplied with circulars in a style of printing to give them the general appearance of the complainant's circulars, and also showing in the same relative position a printed monogram between the words "like" and "this." It is proved that all these resemblances have been adopted and used by the manufacturers of the defendant's caps since the registry and use of the complainant's trade-mark. They are not accidental, but intentional and misleading, and therefore unlawful.

The court suggested to counsel, in the argument, that the delay of the complainants in applying to the court for the injunction until the season for furnishing fruit-jar caps had fully arrived, had a suspicious aspect, and that we should be reluctant to interfere with the defendant, whatever might be the legal rights of the complainants, if there had been laches in bringing the suit. The suggestion was perhaps uncalled for by the facts of the case; but it was prompted by the extreme sensitiveness which always springs up when any disposition is suspected of using the process of the court to obtain a temporary business advantage. There has been large discussion of the question how far laches in stopping the infringement of a trade-mark will deprive a complainant of the benefits of a preliminary injunction. But that discus-

sion has been put to rest, so far as this court is concerned, by the recent decision of the supreme court in the case of McLean v. Fleming, 96 U. S. 245, when it was held that acquiescence of long standing was no bar to an injunction, although it precluded the party acquiescing from any right to an account for past profits. This was only anticipating the latter decision of the high court of justice in England, in the case of Fullwood v. Fullwood, 9 Ch. Div. 176, when the single question involved was the effect of delay in prosecuting for an infringement of a trade-mark, and when the defendant set up, as a defence to an application for an injunction, that the plaintiff had known all the material facts stated in the pleadings for a period of at least two or three years before the action was brought. The court said this was no defence, and that, where an injunction is sought in aid of a legal right, mere lapse of time was no bar to granting it. The injunction was treated as always a matter of course, if it appeared that the legal rights existed.

The court is of the opinion that the complainants are entitled to an injunction restraining the defendant pendente lite from the use of the monogram on the fruit-jar caps, and on the ends of the boxes, and from circulating the printed circulars so closely resembling the circulars of the complainants; and it is ordered accordingly.